# TEXAS & N. O. R. CO. v. HOUSTON.

## No. 8603.

Court of Civil Appeals of Texas. San Antonio. April 22, 1931.

Rehearing Denied May 20, 1931.

W. B. Teagarden and B. W. Teagarden, both of San Antonio, and S. B. Carr, of Floresville, for appellant.

D. Richard Voges, of Floresville, for appellee.

FLY, C. J.

This is a suit originating in the justice's court, for the sum of $111, alleged to have arisen by the death of three cows through the negligence of appellant. The cattle were killed while on the cars of appellant en route from San Antonio to Floresville. Appellee obtained judgment in the justice's court for the amount sued for and $20 attorney's fees. The cause was appealed to the county court, where it was tried by jury on special issues, and on the responses thereto judgment was rendered for the same amount as in the justice's court.

The jury found that the appellant received the thirty head of cattle for shipment on June 4, 1929, and that twenty-six were delivered at Floresville, and that there was negligence in transporting and delivering on the part of appellant. The jury found that three of the cattle died while in possession of appellant. The cattle were delivered to appellant on the afternoon of June 4, 1929, in San Antonio, and were delivered at Floresville, thirty or thirty-five miles distant, on the morning of June 6, 1929. The cattle were loaded, then unloaded, then loaded again. The death of

the cows resulted from the negligence of appellant in holding the cattle for over twenty-four hours and not feeding them at the proper time.

Appellant has filed a brief consisting of forty typewritten pages, with twenty-nine assignments of error and nine propositions. One hundred and thirty-one dollars are involved.

There was no evidence that the claim was ever presented to appellant or that there was any refusal to pay the claim. The statute requires that, to justify an attorney's fee in cases like the present one, the claim must be presented, and, if it is not paid in thirty days, suit may be filed, and, in addition to the damages, the plaintiff may recover a maximum attorney's fee of $20.00. There must be a demand as required by statute. Article 2226, Rev. Stats.; Quanah, A. & P. R. Co. v. Price (Tex. Civ. App.) 192 S. W. 805; Wichita Valley R. Co. v. Wood (Tex. Civ. App.) 284 S. W. 301. It was error for the court to render judgment for the attorney's fees.

None of the other objections to the judgment will be sustained. No objections were urged against the testimony as to the value of the cattle, and appellant will not be heard to urge such objection on this appeal.

If a remittitur of $20, given for the attorney's fee, is made in ten days, the judgment will be affirmed; otherwise it will be reversed and the cause remanded.